UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 12-53-DCR |
| ) | |
| V. ) | |
| ) | |
| ELSIE DURHAM, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Elsie Durham (also known as Elsie Cole) is currently serving a term of imprisonment of 30 months based on her involvement in a conspiracy to distribute oxycodone. [Record No. 383, p. 2] This matter is pending for consideration of Durham's request for relief pursuant to 18 U.S.C. § 3582(c)(2) based on recent changes in the drug tables used to determine non-binding guideline ranges for incarceration applicable to certain federal drug offenses. [Record No. 446] For the reasons discussed below, Durham's motion will be denied.[1]

---

1  Although counsel has not been requested, the Court notes that there is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001). A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

On October 25, 2012, a sixteen-count Indictment was returned against Durham and ten other defendants. Durham was charged in Count 2 for conspiring to distribute oxycodone in violation of 21 U.S.C. § 846. [Record No. 17, p. 2–3] Paragraph 3 of Durham's written Plea Agreement describes her role in the offense. It states:

> (a) Beginning in or about April of 2011, and continuing through on or about September 29, 2012, in Bell County, Kentucky - which is located in the Eastern Judicial District of Kentucky - and elsewhere, Todd J. Brock, aka Todd Brock, Jr. (Brock), conspired with others to distribute a quantity of oxycodone, a Schedule II controlled substance. At some point during this time frame, the Defendant, Elsie Cole, joined in this conspiracy.
>
> (b) Specifically, Brock was receiving large quantities of pills from several sources of supply based out of Michigan. In turn, Brock and/or his subordinates - including Elsie Cole - distributed these pills to others in the Bell, Perry, and Harlan County areas.
>
> (c) Defendant Cole admits that she received approximately 1,000 oxycodone 30 mg pills from Brock and/or his associates over the course of this conspiracy. In light of this fact, the Defendant admits is responsible for the distribution of a large quantity of oxycodone and other diverted pharmaceuticals to others in Kentucky.
>
> (d) Based on the foregoing facts, the Defendant admits that she conspired with Brock and others to distribute oxycodone pills during the time frame set forth in the indictment.
>
> (e) Moreover, based on controlled purchases, witness statements, and other evidence, the Defendant admits that the United States could prove beyond a reasonable doubt that he [sic] is responsible for the distribution of approximately 1,000 oxycodone 30 mg pills, which equals a marijuana equivalency of between 100 and 400 kilograms.

[Record No. 380, p. 2]

Durham was sentenced on November 22, 2013. [Record Nos. 382, 383] During the sentencing hearing, the Court reviewed and adopted the guideline calculations contained in the defendant's Presentence Investigation Report ("PSR"). [Record No. 382] The Base

Offense Level used to determine the non-binding guideline range for imprisonment was 26. Durham also received a two-level reduction under the safety valve (U.S.S.G. § 5C1.2(a)) and a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. [PSR, p. 11] These reductions resulted in a Total Offense Level of 21 and a guideline range for imprisonment of 37 to 46 months. [*Id.*, pp. 11, 22] Additionally, the United States moved for a 20% reduction of Durham's sentence (calculated from the middle of her guideline range of 37 to 46 months) and recommended a total term of incarceration of 33 months. [Record No. 373] While the government acknowledged that Durham was a bigger distributor than initially anticipated, counsel noted that the defendant provided useful information sufficient to support a reduction under U.S.S.G. § 5K1.1.

During allocution, Durham's counsel requested a downward variance from the guideline range based upon circumstances which she endured as a minor.[2] While these circumstances were not related to Durham's criminal conduct, they were carefully considered when the Court evaluated an appropriate sentence under 18 U.S.C. § 3553. While the guideline range was considered, a guideline sentence was not imposed. Instead, the Court evaluated all statutory factors and potential departures under the sentencing guidelines (specifically, U.S.S.G. § 5K2.0) in determining that a sentence of 30 months incarceration was sufficient but not greater than necessary to meet all goals of sentencing. This included the need to protect the public from further crimes of the defendant, the serious nature of the

---

2   These circumstances were described in detail in the PSR and were discussed at a bench hearing outside of the hearing of the open court. Based on this information, counsel requested a sentence of time served. The Court rejected this request, finding that a sentence of 30 months was the minimum term of incarceration appropriate under the circumstances.

offense, Durham's need for rehabilitation, and the need to afford adequate deterrence to future criminal conduct (general and specific). The Court also recognized that providing Durham with educational, vocational, and mental health treatment was essential to any sentence. Finally, the undersigned specifically noted that, based on the offense conduct, a sentence below 30 months would unduly diminish the seriousness of the offense.

The Court has discretion to reduce Durham's sentence based on the recent changes in the United States Sentencing Guidelines. However, a sentence reduction would not be appropriate for the reasons explained during the November 22, 2013 sentencing hearing. Accordingly, it is hereby

**ORDERED** that Defendant Elsie Durham's motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c) [Record No. 446] is **DENIED**.

This 20th day of November, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge